**GLENDORA, Plaintiff,**

v.

**John C. MALONE, et al., Defendants.**

**No. 96 Civ. 140 (WCC).**

United States District Court, S.D. New York.

March 20, 1996.

Glendora, White Plains, New York, Pro Se.

Cohen, Dax, Koenig & Wiles, P.C., Albany, New York (Ben Wiles, of counsel), for defendants.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge:

On January 23, 1996, this court denied plaintiff Glendora's application for a temporary restraining order and a preliminary injunction. Plaintiff filed a notice of appeal from that ruling later the same day. The appeal is currently pending. On February 8, 1996, defendants' counsel contacted chambers to indicate that they intended to file a motion to dismiss in lieu of an answer. The court waived its usual pre-motion conference, set a briefing schedule for the motion and, in light of the briefing schedule, extended the defendants' time to answer or move until February 26, 1996. Chambers sent a letter to the parties dated February 8, 1996, confirming these arrangements.

On February 13, 1996, the court received a letter from plaintiff, dated February 12, 1996, indicating that she intended to make a motion under Fed.R.Civ.P. 60(b) for relief from the January 23 order and a motion for default judgment. Plaintiff submitted copies of her proposed motion papers along with her letter. Those papers also requested several other types of relief. The court again

elected to waive its usual pre-motion conference and informed plaintiff that she could file the motions described in her February 12 letter.

On February 26, 1996, the court issued an opinion dismissing certain defendants from the action, pursuant to Fed.R.Civ.P. 21, on the ground that they were misjoined. On March 4, 1996, plaintiff filed a motion seeking relief pursuant to Fed.R.Civ.P. 60(b). That motion, however, requested relief from the court's February 26 order, rather than the January 23 order. Regardless, we will deem plaintiff's Rule 60(b) motion to have been made with respect to both the January 23 and February 26 orders.

Rule 60(b) clearly states that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a *final* judgment, order or proceeding" on any of six enumerated grounds. *See* Fed.R.Civ.P. 60(b) (emphasis added). The crucial word, for our purposes, is "final." This court's January 23 order denying plaintiff's application for a temporary restraining order and preliminary injunction is certainly not a final order. The February 26 order dismissing certain of the defendants is also not final, unless the court makes the findings contemplated by Fed. R.Civ.P. 54(b) and enters partial final judgment as to those parties.[1] Therefore, Rule 60(b) is not applicable in this situation. Plaintiff's motion is denied.

Plaintiff's *motion for default judgment is* also denied. On February 8, 1996, the court extended defendants' time to answer or move to February 26, 1996. Defendant UA–Columbia Cablevision of Westchester, Inc. d/b/a TCI–Westchester's notice of its motion to dismiss was filed on February 23, 1996. Therefore, TCI–Westchester is not in default. According to the docket sheet for this case, the answers of defendants Marshall, Brown, Rich, Sullivan and Wicker are due no earlier than March 26, 1996. Therefore, these defendants are also not in default.

The issues raised by plaintiff's remaining requests for relief, as outlined in the papers attached to her February 12 letter, have each been addressed by the court either in the February 26 order or in telephone conversations between plaintiff and chambers. We need not address those issues here.

SO ORDERED.

---

1. Plaintiff has informed the court of her intention to make a motion under Rule 54(b) for such an order. We are awaiting those papers.